```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

NEIL PARIS SUGARMAN,          )
                              )
          Plaintiff,          )
                              )
     v.                       )  Civil Action No. 05-2392 RBW
                              )
FEDERAL BUREAU OF PRISONS,    )
                              )
          Defendant.          )
                              )
```

MOTION FOR EXTENSION OF TIME TO ANSWER

Pursuant to Federal Rule of Civil Procedure 6(b)(1), defendant the Federal Bureau of Prisons moves for a ten-day extension of time, to June 12, 2006, to answer or otherwise respond to the complaint in this case. Because of the difficulties involved in contacting federal prisoners, undersigned counsel (Fred E. Haynes) primarily responsible for this case for defendant has not attempted to contact plaintiff to determine his position on this motion.[1]

This is a Freedom of Information Act ("FOIA") and Privacy Act case. The complaint is handwritten and is very difficult to follow. It appears, however, that the plaintiff, who styles

---

[1] Local Civil Rule 7.1(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require "counsel" to discuss nondispositive motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). This rule excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that rule requires "[c]ounsel (including any nonprisoner pro se party)" to meet and confer prior to a scheduling conference). LCvR 16.3(a).

himself as "Sky Dog" AKA Neil Paris Sugarman, claims to have filed a FOIA request with the Bureau of Prisons on October 20, 2005, and claims to have been authorized by the Department of Justice's Office of Legal Policy (sic) on November 8, 2005, to file a civil action if he so desired.  It is likely that the reference to the Office of Legal Policy should be a reference to the Office of Information Policy (OIP), which acts as the appeal authority for FOIA requests in the Department of Justice.  If the FOIA request was filed on October 20, 2005, it is a practical impossibility that a decision by OIP would have been made by November 8, 2005.  In any event, undersigned counsel has been advised by the Bureau of Prisons's Western Regional Office, which would have handled any FOIA request from plaintiff, that the only recent request that it has on record from plaintiff is one from late last year.  They responded to plaintiff that he should review his central file record for the material he wanted.  OIP has advised undersigned counsel that the only record of an appeal by plaintiff of a FOIA denial is one that was filed in 2003.  The additional time is needed to try to verify the status of plaintiff's request (which may have been handled through the administrative remedies process) and to prepare a motion to dismiss, if such a motion is appropriate.

Attached is a draft order reflecting the requested extension

of time.

                    Respectfully submitted,

                    KENNETH L. WAINSTEIN, DC Bar # 451058
                    United States Attorney

                    RUDOLPH CONTRERAS, DC Bar # 434122
                    Assistant United States Attorney
                            /s/
                    FRED E. HAYNES, DC Bar #165654
                    Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NEIL PARIS SUGARMAN,           )
                               )
            Plaintiff,         )
                               )
      v.                       )   Civil Action No. 05-2392 RBW
                               )
FEDERAL BUREAU OF PRISONS,     )
                               )
            Defendant.         )
_____)

ORDER

UPON CONSIDERATION of the motion by defendant for an extension of time to file an answer or other response to the complaint, and the entire record in this case, it is this ___ day of _____, 2006,

ORDERED that the time for defendant to answer or otherwise respond to the complaint is extended to June 12, 2006.


                                        UNITED STATES DISTRICT JUDGE

Copies to the pro se plaintiff and counsel for defendant

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Motion For Extension Of Time To Answer to be served by first class mail, postage prepaid, this 2nd day of June, 2006, on:

>Neil Paris Sugarman
>Reg. No. 56725-097
>Victorville Federal
>Correctional Institution II
>P.O. Box 5700
>Adelanto, CA 92301

>>/s/
>>Fred E. Haynes, D.C. Bar # 165654
>>Assistant United States Attorney
>>555 4th Street, N.W., Room E-4110
>>Washington, D.C. 20530
>>(202) 514-7201